IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MITCHELL HUNGERPILLER ) <br> AND PATRICIA HUNGERPILLER, ) <br> individually and on behalf of a class of ) <br> similarly situated persons, ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> V. ) <br> ) <br> RC2 CORPORATION AND ) <br> LEARNING CURVE BRANDS, INC. ) <br> ) <br>     DEFENDANTS. ) | CIVIL ACTION NO.: CV-07-1805-S |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR STAY OF PROCEEDINGS**

Defendants RC2 Corporation and Learning Curve Brands, Inc., d/b/a RC2 Brands, Inc. (collectively "Defendants") hereby submit the following Memorandum of Law in Support of its Motion to Stay Proceedings pending the ruling of the Judicial Panel on Multidistrict Litigation ("JPML") on the pending Motions to transfer filed in the MDL No. 1893 – <u>In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation</u>.

**PRELIMINARY STATEMENT AND STATEMENT OF FACTS**

Currently, there are at least seventeen (17) federal actions filed in nine (9) different U.S. District Courts across the country asserted against the Defendants that relate to the subject of this action. RC2 Corporation and Learning Curve Brands, Inc. have been served in fifteen (15) of these class actions. In these actions, putative class members and individuals assert claims in connection with their purchase of Thomas & Friends™ Wooden Railway Toys, which were the subject of a recall. These numerous lawsuits contain common questions of fact realting to these products.

At this time, there are two motions to transfer this action and the other related actions to a single judicial district, pursuant to 28 U.S.C. § 1407, pending before the JPML. Defendants filed their Motion for Transfer of actions to the Northern District of Illinois for Coordinated Pre-Trial Proceedings, pursuant to 28 U.S.C. § 1407, with the JPML on August 27, 2007 requesting transfer of all related cases to the Northern District of Illinois.[1] A second Motion for Transfer and Coordination, pursuant to 28 U.S.C. § 1407, was filed by plaintiff in the case <u>Martinez v. RC2 Corporation</u>, pending in the Central District of California. The JPML has placed both of these motions to transfer in the same case, MDL No. 1893, <u>In Re: RC2 Corp. Toy Lead Paint Products Liability Litigation</u>. The hearing on these motions before the JPML is set to occur on November 29, 2007.

Further, on August 24, 2007, plaintiffs in eleven (11) of the actions pending in several district courts filed a joint motion for transfer, which also requested transfer of all such actions for consolidation in the Northern District of Illinois. Those plaintiffs subsequently requested that their motion be treated as a response to the other pending motions for transfer. Defendants filed their Motion for Transfer because the numerous lawsuits contain common questions of fact, and coordination in a single judicial district would serve the convenience of the parties and witnesses and promote the efficient conduct of the litigation.

Given the pendency of the transfer motions before the JPML, a stay of the proceedings in this action is appropriate. Thus far, four courts have stayed the proceedings in their courts. Specifically, the U.S. District Court for the Southern District of Indiana; the U.S. District Court for Southern District of Florida; the U.S. District Court for the Eastern District of Arkansas; and

---

[1] A schedule of the cases for which transfer is sought is attached as Exhibit A to Defendants' Motion

the United States District Court for the Eastern District of New York have all entered stays. The U.S. District Court of New Jersey denied the motion for stay.[2]

An extension of time to answer and a stay of all proceedings in this action, pending a ruling by the JPML on the transfer motions, is necessary to promote judicial economy and avoid undue prejudice to the parties. This Court should not unnecessarily expend its time and resources to supervise pre-trial proceedings and make rulings in a case that may shortly be transferred to another district court and/or judge for further pre-trial proceedings. Additionally, since all of the pending actions are in their initial stages and the JPML will be hearing the motions for transfer on November 29, 2007, no prejudice or inconvenience will result from entry of a stay or the requested extension of time to answer. However, absent a stay, Defendants will be substantially prejudiced by being forced to duplicate efforts and expend significant resources defending factually similar cases in multiple jurisdictions around the country. For the reasons herein, Defendants request that the Court enter an order staying all proceedings in this case and extending the time to answer to thirty (30) days following entry of an order by the JPML regarding the pending motions for transfer.

## ARGUMENT

Although this Court is not required to stay proceedings pending actions by the JPML, it has the discretion to do so. See Rule 1.5, Rules of Procedure of the Judicial panel on Multidistrict Litigation. A federal district court's power to stay an action "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. A. Co., 299 U.S. 248, 254 (1936). In the context of MDL litigation, the Manual for Complex Litigation explains that a

---

[2] These orders are attached to Defendants' Motion as Exhibits B-E, respectively.

3

"stay pending the panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." *Manual for Complex Litigation* § 22.35 (4th ed. 2004).

Additionally, district courts in the Eleventh Circuit typically have stayed proceedings pending determinations by the JPML of the appropriateness of transfer and coordination under 28 U.S.C. § 1407. E.g., Jocelyn Bonenfant v. R.J. Reynolds Tobacco Co., et al., No. 07-60301-CIV, 2007 WL 2409980, *1-2 (S.D. Fla. July 31, 2007) (granting the defendants' motion to stay plaintiff's cause of action involving possible new claims against cigarette manufacturers and sellers pending the JPML's decision); Gordon v. Pfizer, Inc., No. CV-06-RRA-703-E, 2006 WL 2337002, *9 (N.D. Ala. May 22, 2006) (adopting the Magistrate's recommendation that the case should be stayed pending transfer to the JPML proceeding) (slip op.).[3] Courts generally consider three factors when evaluating motions for a stay of proceedings: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. E.g., Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In this case, each factor favors the requested extension and temporary stay pending a determination by the JPML.

---

[3] Other district courts also typically stay cases under similar circumstances. E.g., Hertz Corp. v. Gator Corp., 250 F. Supp. 2d 421, 428 (D.N.J. 2003) (issuing stay in "tag along" case where interim injunctive relief was being sought); Moore v. Wyeth-Ayerst Labs., 236 F. Supp. 2d 509, 511 (D. Md. 2002) (granting the motion for deferral of consideration of the motion to remand and for a stay of pretrial proceedings pending transfer to JPML); Kohl v. Am. Home Prods. Corp., 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999) (granting defendants' motion to stay all further proceedings until final decision was rendered by the JPML); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting the plaintiff's motion to stay pending decision of the JPML); Am. Seafood, Inc. v. Magnolia Processing, Nos. CV-92-1030 & 92-1086, 1992 WL 102762, *3 (E.D. Pa. May 7, 1992) (granting stay of all proceedings and discovery except discovery dealing with class certification); Arthur-Magna Inc. v. Del-Val Fin. Corp., No. CV-90-4378, 1991 WL 13725, *2 (D.N.J. Feb. 1, 1991) (granting defendant's motion to stay the action pending resolution of defendant's motion for consolidation); Portnoy v. Zenith Labs., No. CV-86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987) (granting motion to stay where hearing before the JPML was only one month away).

A. **Judicial Economy is Best Served By the Entry of a Stay Pending a Decision of the JPML.**

In the context of this case, considerations of judicial economy weigh heavily in favor of a stay. The express language of 28 U.S.C. § 1407 provides, in relevant part, that civil actions may be transferred for coordinated or consolidated pretrial proceedings to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Further, case law in the class action context has established that when similar actions are proceeding in different courts, courts may stay proceedings pending the outcome of the other case. See, e.g., Knearem v. Bayer Corp, No. CV-02-2096-CM, 2002 WL 1173551, *1 (D. Kan. May 7, 2002) (granting motion to stay purported class action which was one of several pending federal class actions). Of particular note is Gordon v. Pfizer, Inc., No. CV-06-RRA-703-E, 2006 WL 2337002 (N.D. Ala. May 22, 2006).

In Gordon, the plaintiff filed an action in Alabama state court asserting state law claims against multiple defendants alleging that the drug Bextra caused him to have a heart attack and otheriwse be injured. Gordon, 2006 WL 2337002 at *1. After removing the case to the Northern District of Alabama, the defendants moved the Honorable Robert R. Armstrong, Jr. to stay the case pending a transfer to the MDL proceeding for Bextra cases pending in federal courts across the country. The Court agreed with the defendants and recommended that their motion to stay be granted. Id. at 10. Magistrate Armstrong's recommendation was adopted and accepted by the Honorable Inge Johnston, and enter an order staying the case.

As in Gordon, a stay of proceedings pending a transfer decision by the JPML to an MDL district in this matter, which involves seventeen (17) related actions in nine (9) judicial districts, is necessary and appropriate to achieve the judicial economies contemplated by Section 1407. As with the Bextra cases, the Defendants reasonably anticipate that the JPML will grant an MDL

5

in this case for several reasons.  Courts have consistently recognized that the JPML will transfer cases to eliminate the possibility of inconsistent class determinations.  In re CertainTeed Corp. Roofing Shingle Prods. Liab. Lit., No. MDL 1817, 2007 WL 549356 (J.P.M.L. Feb. 15, 2007); In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit., 398 F. Supp. 2d 1365 (J.P.M.L. 2005); In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit., 398 F. Supp. 2d 1371 (J.P.M.L. 2005); In re Roadway Exp. Inc. Employ. Pract. Lit., 384 F. Supp. 612 (J.P.M.L. 1974).  Without a transfer of these cases to a single forum for consolidated and coordinated pretrial proceedings, there is a significant risk of inconsistent and potentially conflicting pretrial rulings on discovery, privilege, expert and other key issues, including rulings on the appointment of class counsel (or interim class counsel) and class certification.  See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 48 F. Supp. 2d 37, 43 (D.D.C. 1999).

In this case, discovery with respect to the Defendants' conduct in each of the actions proposed for consolidation will be substantially similar in all of them and will involve the same and/or similar documents and witnesses.  Moreover, Learning Curves Brands' principal offices are located within the Northern District of Illinois, where Defendants seek to have all the matters transferred and consolidated.  Also, judicial and administrative efficiency is best served by consolidation because one judge, rather than multiple judges, can supervise all pretrial proceedings and render consistent rulings.  Finally, based on the nationwide distribution of Defendants' toy trains and the media attention focused on the recall of these and other products manufactured in China, additional cases may yet be filed in various jurisdictions prior to the expiration of the statute of limitations.

Without issuance of the requested stay, the Court and the parties lose the potential efficiencies that would be gained by having pretrial issues decided by a single court.  Absent

issuance of a stay, this Court will be required to expend considerable time and resources familiarizing itself with the intricacies and complexities of this class action products liability litigation that may shortly be transferred to another court by the JPML. If these cases are not stayed, the same issues, including those with respect to appointment of interim or class counsel and class certification, will likely be revisited by whichever court is assigned by the JPML. Thus, unless a stay is granted the continuation of this case will result in unnecessary and possibly duplicative efforts by the Court and the parties if this action proceeds forward pending the JPML ruling. As has been established by the JPML, "[t]he pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders." In re Plumbing Fixture Cases, 298 F. Supp. 484, 489 (J.P.M.L. 1968). Thus, as recognized by the court in U.S. Bank v. Royal Indemnity Co., "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." U.S. Bank v. Royal Indem. Co., No. CIV.A.3:02-CV-0853-P, 2002 WL 31114069, *2 (N.D. Tex. Sept. 23, 2002).

This Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard by another judge." Rivers, 980 F. Supp. at 1360. Specifically, in Rivers, a case where complaints were filed **in only one other jurisdiction other than California**, that Court stated that "[i]f this case is not stayed, preliminary proceedings would continue as required by the Central District local Rules and this Court would need to monitor discovery and approve a case management plan in a potentially massive race discrimination action… . Taking on such a task at this time would seem to unnecessarily consume judicial time and energy." Id. at 1361 (emphasis added). Similarly, in order to avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this matter, as well as

7

other actions in the various courts, this case should proceed in an orderly, coordinated fashion, as directed by the single court selected by the JPML. Accordingly, the stay sought by the Defendants in this case is appropriate and necessary as it will facilitate the just and efficient conduct of this litigation.

**B.      The Balancing of the Equities Favors Issuance of a Stay as Plaintiff Will Suffer No Prejudice.**

In addition to the waste of judicial resources inherent in proceeding with this matter prior to a ruling by the JPML, a balancing of the equities and comparative hardships on the parties strongly favors issuance of a stay. Defendants in the present action would be substantially prejudiced by duplicative discovery and motion practice if a stay order is not issued. Am. Seafood, Inc. v. Magnolia Processing, Nos. CV-92-1030 & 92-1086,1992 WL 102762, *2 (E.D. Pa. May 7, 1992) (holding that "duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Without a stay, Defendants will be required to respond to numerous complaints, be served with multiple discovery requests, deposition notices and various motions, all of which will result in duplicative and costly responses and replies being prepared multiple times in different jurisdictions. This burden would clearly impose a substantial hardship on Defendants and clearly warrants a stay of this action until the JPML renders its decision.

To combat this fact, Plaintiffs may argue that they will accept discovery responses on computer discs and they will coordinate pre-trial discovery with the other parties. However, this argument must fail because as previously decided, issues regarding coordination of discovery is outside of the Court's calculation in judging whether to issue a stay. See Arthur-Magna Inc. v. Del-Val Fin. Corp., No. CV-90-4378, 1991 WL 13725, *1 (D.N.J. Feb. 1, 1991). A stay will not, however, unduly prejudice the plaintiff in this matter as the case has only recently been filed

8

and other plaintiffs are also seeking the same relief from the JPML. Even if plaintiff was to claim some sort of prejudice, which cannot be perceived here, as the Arthur-Magna court found, "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." Arthur-Magna, Inc., 1991 WL 13725 at *1. Here, there have been no responsive pleadings filed by any party and no discovery has been undertaken in the case at bar or in any of the pending actions in other jurisdictions.

Since all of the actions are in the beginning stages of litigation, no significant prejudice or inconvenience will result from transfer, coordination and/or consolidation. Any slight delay that plaintiff may experience in this case will be minimal and the prejudice to Defendants would far outstrip any harm to plaintiff. See id. Indeed, if the JPML consolidates the cases into an MDL district, all of the parties - including the plaintiff here - will benefit from increased efficiency and coordinated pretrial case management.

Defendants are not asking this Court to stay the proceedings indefinitely. They are only asking the Court to issue a brief stay pending the transfer decision by the JPML which is expected in the near future. As such, any potential delay is outweighed by the efficiencies available in a coordinated MDL proceeding and the benefits of staying this proceeding at this time outweigh any minimal inconvenience to the plaintiff. Accordingly, the granting of a stay is necessary and appropriate.

## CONCLUSION

For the foregoing reasons, the Court should exercise its discretion and enter an order staying proceedings in this action pending the rulings on the Motions for Transfer in MDL No. 1893, In Re: RC2 Corp Toy Lead Paint Products Liability Litigation.

                                        *s/ Sean W. Shirley*
                                        One of the Attorneys for Defendants
                                        RC2 Corporation and Learning Curve Brands, Inc.

**OF COUNSEL:**

Teresa G. Minor
Sean W. Shirley
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 29th day of October, 2007, served the foregoing upon counsel of record via the Court's on-line filing system:

W. Lewis Garrison
Gayle L. Douglas
2224 First Avenue North
Birmingham, Alabama 35203

                                         *s/ Sean W. Shirley*
                                         Of Counsel