FILED
2007 Nov-01 PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Mitchell Hungerpiller and Patricia Hungerpiller,** individually and on behalf of a class of similarly situated persons,<br><br>   **Plaintiffs,**<br><br>   v.<br><br>**RC2 CORPORATION, a Delaware Corporation, and LEARNING CURVE BRANDS, INC., a Delaware Corporation,** each separately and on behalf of all other entities similarly situated,<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  **CV: 07-1805-S**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDERS
GRANTING STAY OF PROCEEDINGS AND EXTENSION OF TIME TO ANSWER**

The Plaintiffs, by and through their attorneys, move this Court to reconsider its October 30, 2007 Orders Granting the Defendants' Motion for Stay of Proceedings and Motion for Extension of Time to Answer. In support of this Motion, Plaintiffs state as follows:

1. The *Rules of Procedure of the Judicial Panel for Multidistrict Litigation* ("*Panel Rules*"), clearly state that a pendency of a motion to transfer the matter to an MDL does not support staying pretrial proceedings in original court. (*Panel Rule* 1.5). A Motion to Transfer is not intended to act as a vehicle to stay the action in the original court and is not intended to become effective in the original court until a transfer order is filed with the district proceedings. (*See id.*)

2. The Plaintiffs were not served with the "Notice of Related 'Tag-Along' Actions" filed with the JPML and did not receive a copy of this filing prior to its inclusion as an exhibit with the Motion to Stay. To stay the Plaintiffs' case based on a filing which is not even sent to the Plaintiffs is inappropriate and is not an action supported by the Panel Rules.

3.      Stays granted by other district courts are not persuasive in this matter as there is no evidence that the plaintiffs in those four (4) cases opposed the stay.  In fact, two (2) of those orders expressly state that the plaintiffs had no objections to the stay.  The four cases are also substantially different from the present case as they do not allege a defendant class.

4.      A stay of proceedings will prejudice the Plaintiffs by preventing them from being able to Amend the Complaint to add additional named Defendants to the Defendant Class.  The Plaintiffs' failure to add additional named Defendants to its Complaint could unduly affect the JPML in making their decision to transfer.

5.      This action is not suitable for the MDL and is unlikely to be included in the MDL. As such, a stay of proceedings and the granting of additional time for the Defendants to Answer the Complaint unnecessarily delays this action.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order nullifying its previous Orders entered on October 30, 2007 and require the Defendants to respond to the Complaint.

Filed this the 1st day of November 2007.

                                            HENINGER GARRISON DAVIS, LLC

                                            By: /s/ W. Lewis Garrison, Jr.
                                            W. Lewis Garrison
                                            Gayle L. Douglas
                                            Counsel for Plaintiffs

OF COUNSEL:
Heninger Garrison Davis, LLC
2224 First Avenue North
Birmingham, Alabama 35203
(205) 326-3336

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 1st day of November 2007, served the foregoing upon counsel of record via this Court's on-line filing system:

Sean W. Shirley
Teresa G. Minor
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306

                                            s/ Gayle L. Douglas
                                                        Of Counsel