## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **Mitchell Hungerpiller and Patricia Hungerpiller,** **individually and on behalf of a class of similarly situated persons,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**RC2 CORPORATION, a Delaware Corporation, and** **LEARNING CURVE BRANDS, INC., a Delaware** **Corporation, each separately and on behalf of all** **other entities similarly situated,** )<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **CV: 07-1805-S** |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDERS GRANTING STAY AND EXTENSION OF TIME TO ANSWER

The Plaintiffs, by and through their attorneys, hereby submit the following Memorandum of Law in Support of their Motion for Reconsideration of this Court's October 30, 2007 Orders Granting the Defendants' Motion for Stay of Proceedings and Motion for Extension of Time to Answer.

### I.    INTRODUCTION

The issue before the Court is whether RC2 Corporation and Learning Curve Brands, Inc. (the "named Defendants") are a stay of proceedings and additional time to file and Answer based on the fact that there is a pending motion to transfer this action to an MDL. Plaintiffs contend that: (1) the rules governing MDLs discourage the use of stays in the original court, (2) the plaintiffs will suffer prejudice as a result of the stay of proceedings, and (3) a stay of proceedings and the granting of

additional time to answer the Complaint is not appropriate because this action is not suitable for consolidation and is unlikely to become a part of the MDL.

## II.    TIMELINE OF FILINGS

Plaintiffs filed their Complaint on October 2, 2007.  The Complaint alleges claims on behalf of a class of persons who purchased any of the toys which were designed, manufactured, imported, marketed, distributed or sold during the Relevant Period (January 2005 to the present), which contain lead paint and/or design flaws and were subsequently recalled or are subject to recall.  (Complaint ¶ 8).  Plaintiffs' Complaint lists RC2 Corporation ("RC2") and Learning Curve Brands, Inc. ("Learning Curve") as the Defendant Class Representatives of a Defendant Class.[1]

On October 29, 2007, the RC2 and Learning Curve filed their Motion for Stay of Proceedings ("Motion to Stay") arguing that: (1) a stay is appropriate because a motion to transfer this action to a single judicial district is pending, and (2) a stay of the proceedings will not prejudice the parties. Also on October 29, 2007, RC2 and Learning Curve filed their Motion for Extension of Time to Answer arguing that: (1) there is a request to transfer this action, and (2) an extension is in the interest of judicial economy.

On October 30, 2007, this Court entered Orders granting the Defendants' Motion for Stay of Proceedings and granting Defendants' Motion for Extension of Time to Answer.

---

[1] The Defendant Class is defined as all entities who "designed, manufactured, imported, marketed, distributed or sold toys which were subsequently recalled or are subject to recall due to lead paint and/or design flaws during the Relevant Period."  (Complaint ¶ 20).

## II.    A STAY OF PROCEEDINGS IS NOT APPROPRIATE IN THIS ACTION.

### A.    The Pendency of a Motion to Transfer Does Not Support Staying Pretrial Proceedings in Original Court.

#### 1.    The Panel Rules do not support a Stay of Proceedings.

The *Rules of Procedure of the Judicial Panel for Multidistrict Litigation* ("*Panel Rules*"), clearly state that a pendency of a motion to transfer the matter to an MDL does not support staying pretrial proceedings in original court. The *Panel Rules* clearly state:

> [t]he pendency of a motion .... before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 **does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending** and does not in any way limit the pretrial jurisdiction of that court.  **A transfer** or remand pursuant to 28 U.S.C. § 1407 **shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.**

*Panel Rule* 1.5 (emphasis added).  A Motion to Transfer is not intended to act as a vehicle to stay the action in district court and is not intended to become effective in the district court until a transfer order is filed with the district proceedings.

It is worth noting that Plaintiffs were not served with the "Notice of Related 'Tag-Along' Actions" filed with the JPML and did not receive a copy of this filing prior to its inclusion as an exhibit with the Motion to Stay.  (See, Exhibit F, attached to <u>Motion to Stay</u>).  The named Defendants are not required to provide Plaintiffs with that filing.  The very fact that simple notice is not required is another example of why the Panel Rules discourage a stay of proceedings in the original courts.  Plaintiffs are not "in the loop" and should not be penalized for actions or delays of actions taken by the JPML.  To stay the Plaintiffs' case based on a filing which is not even sent to the Plaintiffs is not appropriate and is not an action supported by the Panel Rules.

      **2.**      **Stays granted by other district courts are not persuasive in this matter.**

In support of their Motion to Stay, Defendants attached four (4) orders from various district courts staying the proceedings pending a ruling by the JPML.  (*See*, Exhibits B-E, attached to <u>Motion to Stay</u>).  Those cases are not similar to the present case and should not be persuasive.

First, none of those Orders show that the Motion to Stay was disputed by the plaintiffs.  In fact, at least two (2) of those four (4) Orders expressly state that the plaintiffs had no objections to the stay.  (Exhibits  C and E, attached to <u>Motion to Stay</u>).   It is probable that complaints filed in those cases were intended to be included in the MDL and plaintiffs were actively seeking consolidation.  It should also be noted that Defendants claim that "at least seventeen (17) federal actions have been filed" in various district courts.  Motion to Stay, ¶ 1.  However, Defendants can produce only four (4) orders granting stays - two (2) of which expressly state the plaintiff had no objections to the stay.  (See, Exhibits  C and E, attached to <u>Motion to Stay</u>).

Secondly, the third order expressly allows the plaintiffs to amend their complaint during the stay - essentially making the stay effective only to the Answer of the Complaint.  (Exhibit D, attached to <u>Motion to Stay</u>).  It is readily deducible from the Complaint that Plaintiffs will seek to add additional named Defendants to the Defendant Class.

Finally, the other actions which have been stayed by the original courts do not allege defendant classes.  Unlike those cases, the Complaint in this action was brought against a Defendant Class and Plaintiffs do not seek inclusion in an MDL organized to consolidate actions brought against only RC2 and Learning Curve.  It is apparent from the Complaint that this action may not be appropriate for inclusion in the MDL.  Moreover,  Defendants were aware, through discussions with Plaintiff's counsel, that Plaintiffs' do not seek to participate in the MDL.

**B.      Plaintiffs Will Suffer Prejudice as a Result of a Stay of this Matter.**

A stay of proceedings will prevent the Plaintiffs from being able to Amend the Complaint to add additional named Defendants to the Defendant Class.  The Plaintiffs failure to add additional named Defendants to its Complaint prior to the hearing before the JPML could result in a wrongful decision by the JPML that this action is sufficiently similar to other actions despite its inclusion of a Defendant Class.  Moreover, as Plaintiffs intend to oppose the transfer to the MDL, a stay of proceedings and the granting of additional time for the Defendants to Answer the Complaint unnecessarily delays this action.

**C.      Plaintiffs Will Oppose a Transfer of this Action as this Matter Is Not Suitable for MDL Jurisdiction**.

The purpose of consolidating cases into an MDL is to serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Unlike other actions listed on the Schedule of Actions, this Complaint alleges claims against a Defendant Class.  (Exhibit A, attached to Motion to Stay).  Rather than being the sole defendants to this action, RC2 and Learning Curve are representative defendants and other representative defendants are likely to be added as well.  It is implausible that other entities expected to be named as additional defendants, i.e., Mattel, Fisher-Price, etc...would consent to an  MDL created solely for the purpose of RC2 and Learning Curve litigation.  The consolidation of this action with other RC2 and Learning Curve actions would greatly inconvenience other defendants and would not promote either judicial economy or efficiency.  As this matter is not suitable for MDL and the Plaintiffs seek to Amend their Complaint to add additional Plaintiffs and Defendants, the Stay is inappropriate and due to be revoked.

5

III.    CONCLUSION

_____For the foregoing reasons, the Court should enter an order nullifying the Orders entered on

October 30, 2007 and requiring the Defendants to respond to the Complaint.

Filed this the 1st day of November 2007.

                                        HENINGER GARRISON DAVIS, LLC

                                        By: /s/ W. Lewis Garrison, Jr._____
                                        W. Lewis Garrison
                                        Gayle L. Douglas
                                        Counsel for Plaintiffs

OF COUNSEL:
Heninger Garrison Davis, LLC
2224 First Avenue North
Birmingham, Alabama 35203
(205) 326-3336


                      CERTIFICATE OF SERVICE

       I hereby certify that I have on this the 1st day of November 2007, served the foregoing
upon counsel of record via this Court's on-line filing system:

                        Sean W.  Shirley
                        Teresa G.  Minor
                       Balch & Bingham LLP
                       Post Office Box 306
                      Birmingham, AL 35201-0306


                                           s/ Gayle L.  Douglas
                                           Of Counsel